# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| WESLEY SCOTT CRUIKSHANK, | |
|---|---|
| Plaintiff, | Case No. 4:25-cv-00010-SLG |
| v. | |
| ANNA E. RALPH, | |
| Defendant. | |

## **SCREENING ORDER**

On February 25, 2025, self-represented prisoner Wesley Scott Cruikshank ("Plaintiff") filed a civil complaint and an application to waive prepayment of the filing fee.[1] Plaintiff's Complaint alleges that on or about February 22, 2023, Assistant District Attorney ("ADA") Anna E. Ralph initiated a malicious prosecution against him by filing criminal charges in state court Case No. 4FA-23-00358CR.[2] Plaintiff claims that several days before the trial, all charges in that case were dismissed against him by a different ADA.[3] For relief, Plaintiff seeks $2 million in damages.[4]

---

[1] Dockets 1-4.

[2] Docket 1 at 1-2.

[3] Docket 1 at 2.

[4] Docket 1 at 2-3.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System and of the criminal case involving Plaintiff filed in federal court.[5]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

If Plaintiff fails to respond to this order, of if the amended complaint is dismissed as frivolous, malicious, or for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 2 of 15
Case 4:25-cv-00010-SLG   Document 4   Filed 07/07/25   Page 2 of 15

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[6] 28 U.S.C. §§ 1915, 1915A.

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[9] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 3 of 15
Case 4:25-cv-00010-SLG    Document 4    Filed 07/07/25    Page 3 of 15

of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[14] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[15] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint

---

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[12] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13] Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 4 of 15
Case 4:25-cv-00010-SLG     Document 4     Filed 07/07/25     Page 4 of 15

contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[16] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[18] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[19]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20] To act under color of state law, a complaint must allege that the

---

[16] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[17] *Ashcroft,* 556 U.S. at 678.

[18] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[19] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 5 of 15
Case 4:25-cv-00010-SLG   Document 4   Filed 07/07/25   Page 5 of 15

defendant acted with state authority as a state actor.[21] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[22] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

### A. Malicious Prosecution

In order to prevail on a Fourth Amendment claim of malicious prosecution under Section 1983, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right."[24] In addition, a plaintiff bringing such a claim must show a favorable termination of the underlying criminal case against him.[25] Further, a state prosecuting attorney enjoys absolute immunity from liability for her conduct in "pursuing a criminal prosecution" insofar as she acts within her role as an "advocate for the State" and her actions are "intimately associated with the judicial phase of the criminal process."[26] Even a prosecutor who knowingly presents misleading evidence when initiating a

---

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[22] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[24] *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995).

[25] *Thompson v. Clark*, 596 U.S. 36 (2022).

[26] *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976). *See also Milstein v. Cooley*, 257 F.3d 1004, 1008–09 (9th Cir. 2001) (prosecutorial immunity bars claim of malicious prosecution).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 6 of 15
Case 4:25-cv-00010-SLG     Document 4     Filed 07/07/25     Page 6 of 15

prosecution and presenting the state's case is entitled to prosecutorial immunity because appearing before a judge and presenting evidence "clearly involve[s] the prosecutor's role as advocate for the State, rather than her] role as administrator or investigative officer."[27] In *Milstein v. Cooley*, the Ninth Circuit held that the prosecutors had absolute immunity with respect to their conduct in securing a grand jury indictment, an information, and an arrest warrant. But the Court held that the prosecutors were not entitled to absolute immunity with regard to allegations that the prosecutors had fabricated evidence before the case was initiated.[28] Thus, if a prosecutor's alleged wrongful conduct took place *before* criminal charges are filed, and those actions were instrumental in causing the initiation of legal proceedings, a viable claim for malicious prosecution may be able to proceed against the prosecutor with respect to that conduct only.[29]

Plaintiff claims ADA Ralph maliciously prosecuted him without probable cause and provides a state court case number, 4FA-23-00358CR.[30] A search of the publicly available state court records produced no results for criminal cases

---

[27] *Burns v. Reed,* 500 U.S. 478, 492 (1991) (internal quotations and citations omitted).

[28] *Milstein*, 257 F.3d at 1008.

[29] *Kalina v. Fletcher,* 522 U.S. 118, 130 (1997) (denying absolute immunity to a prosecutor who filed the equivalent of an affidavit in support of a motion for an arrest warrant); *accord Morley v. Walker,* 175 F.3d 756, 760 (9th Cir.1999) (relying on *Kalina* in denying absolute immunity to a prosecutor who signed an affidavit in support of arrest warrant where the plaintiff alleged that the prosecutor knew when he signed the affidavit that he lacked probable cause for the arrest and withheld evidence material to the existence of probable cause).

[30] Docket 1 at 2.

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 7 of 15
Case 4:25-cv-00010-SLG   Document 4   Filed 07/07/25   Page 7 of 15

filed in state court against Plaintiff during the month of February 2023.[31] However, the state records do show that two criminal cases were filed against Plaintiff in June 2023.[32] One case is still pending,[33] and the other case was recently dismissed by the prosecution.[34] Even if the details of a criminal case arising from the February 22, 2023 incident were available on Courtview (which it appears they are not), it is Plaintiff's responsibility to gather and plead the necessary facts to support his claims. Apart from searching Alaska state court dockets, the Court does not conduct independent research when screening a complaint.

Although Plaintiff claims ADA Ralph "initiate[d] charges without probable cause and obvious malicious intent[,]" the Complaint does not contain any explanation of the specific charges that were brought against Plaintiff or the circumstances of his arrest, such as whether the arresting officer had a warrant. It is unclear at what point ADA Ralph became involved in the proceedings, or whether she submitted any sworn statement to obtain an arrest warrant in the case, and if so, what statements Plaintiff is alleging were false that she then made. To the extent that Plaintiff claims ADA Ralph initiated the case without sufficient

---

[31] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm. *But see* Alaska Statute § 22.35.030 (providing for the removal of criminal cases on a publicly available website when a defendant has been acquitted of all charges filed in the case).

[32] *State of Alaska vs. Cruikshank, Wesley Scott,* Case No. 4FA-23-01173CR, Filed 06/16/2023; *See also State v. Cruikshank,* Case No. 4FA-23-01146CR, Filed 06/12/2023.

[33] *State of Alaska vs. Cruikshank, Wesley Scott,* Case No. 4FA-23-01173CR,

[34] *State v. Cruikshank,* Case No. 4FA-23-01146CR, Case Closed 6/25/25: Dismissed by Prosecution - CrR43(a)(1).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 8 of 15
Case 4:25-cv-00010-SLG   Document 4   Filed 07/07/25   Page 8 of 15

evidence, or should have dismissed the charges earlier, such claims are barred by prosecutorial immunity.

For these reasons, the Complaint fails to state a viable malicious prosecution claim against ADA Ralph. Additionally, Plaintiff's Complaint references slander and defamation of character.[35] To the extent Plaintiff seeks to bring a slander or defamation claim, such claims are tort claims ground in state law and most typically addressed in Alaska state court. Because the Court has dismissed Plaintiff's federal claims, the Court declines to retain jurisdiction over any supplemental state claims, which are dismissed without prejudice.[36]

However, Plaintiff is granted leave to file an amended complaint if he can truthfully plead facts to show ADA Ralph acted outside the scope of traditional prosecutorial functions prior to the initiation of a criminal case against him and her actions lead to his arrest or subsequent prosecution. Vague and conclusory allegations of constitutional violations are not sufficient.[37] A complaint must give the defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[38]

### B. Conditions of Confinement

Plaintiff claims he is imminent danger at the Fairbanks Correctional Center

---

[35] Docket 1 at 3.

[36] *See* 28 U.S.C. § 1367(c).

[37] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[38] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 9 of 15
Case 4:25-cv-00010-SLG   Document 4   Filed 07/07/25   Page 9 of 15

because the conditions are "egregious and inhumane"[39] and "physical injury is always present[.]"[40] However, a prisoner cannot challenge the conditions of his confinement by suing the prosecutor or arresting officers who placed him in the allegedly uninhabitable situation. Instead, the proper legal avenue depends on the nature of the claim. If the prisoner seeks to challenge the fact or duration of confinement, a habeas corpus petition may be appropriate.[41] However, if the prisoner seeks to address conditions of confinement that he alleges are unconstitutional, he may bring his claims under the Eighth or Fourteenth Amendment, depending on his custody status at the time of the alleged events.[42] But such claims are distinct from his claims of malicious prosecution against ADA Ralph, and must not be included in any amended complaint in this case. If Plaintiff seeks to pursue such actions, he must file a separate new case.

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[43] A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[44] A claim is "plausible" when the facts alleged support a

---

[39] Docket 1 at 1.

[40] Docket 1 at 2.

[41] *See* 28 U.S.C. §§ 2241, 2254.

[42] *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

[43] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[44] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 10 of 15
Case 4:25-cv-00010-SLG     Document 4     Filed 07/07/25     Page 10 of 15

reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[45] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant. Plaintiff must not attempt to serve Defendant until the Court so orders.

---

[45] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 11 of 15
Case 4:25-cv-00010-SLG   Document 4   Filed 07/07/25   Page 11 of 15

If the amended complaint is dismissed for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

### IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[46] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[47] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[48] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[49] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[50] In

---

[46] 28 U.S.C.A. § 1915(g).

[47] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[48] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[49] *Andrews,* 493 F.3d at 1056 (cleaned up).

[50] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 12 of 15

addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[51]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to amend.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[52]

---

[51] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[52] *Spencer v. Barajas*, Case No. 24-2441, --- F.4th ----, 2025 WL 1600926 (9th Cir. June 6, 2025).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 13 of 15
Case 4:25-cv-00010-SLG   Document 4   Filed 07/07/25   Page 13 of 15

5. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 2 is GRANTED.**

6. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[53] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[54] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[55] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[53] 28 U.S.C. § 1915(b)(1)&(2).

[54] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[55] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 14 of 15
Case 4:25-cv-00010-SLG    Document 4    Filed 07/07/25    Page 14 of 15

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[56] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 7th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[56] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Screening Order
Page 15 of 15
Case 4:25-cv-00010-SLG    Document 4    Filed 07/07/25    Page 15 of 15