# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

WESLEY SCOTT CRUIKSHANK,

        Plaintiff,

       v.

ANNA E. RALPH,

        Defendant.

Case No. 4:25-cv-00010-SLG

## SECOND SCREENING ORDER

On July 7, 2025, the Court screened the Complaint filed by self-represented prisoner Wesley Scott Cruikshank ("Plaintiff"), found it deficient, but granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal.[1] On August 22, 2025, Plaintiff filed a First Amended Complaint ("FAC").[2] Plaintiff also filed a Notice of Change of Address indicting that he was transferred to the Goose Creek Correctional Center ("Goose Creek") and a letter explaining that upon his transfer, his legal documents were delayed, out of order, and some pages were missing.[3]

The Court has now screened Plaintiff's FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the FAC suffers from the same deficiencies identified in the Court's Screening Order regarding the initial Complaint. Although

---

[1] Docket 4.

[2] Docket 6.

[3] Dockets 5 and 7.

the FAC contains slightly more facts than the original Complaint, the FAC does not include a description of what evidence, if any, was fabricated before the initiation of the state court criminal prosecution against Plaintiff. Plaintiff's vague assertions that Defendant had no probable cause to charge him and that Defendant continued to pursue criminal charges based on incomplete, circumstantial, or contested evidence are insufficient to overcome prosecutorial immunity.

Acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protections of absolute immunity.[4] "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest."[5] Absent plausible allegations that specific evidence was fabricated or falsified by this Defendant *before* the prosecution was initiated, Plaintiff cannot state a malicious prosecution claim against Attorney Ralph.[6] And as this Court explained in its first Screening Order, ""[t]o the extent that Plaintiff

---

[4] *Kalina v. Fletcher*, 522 U.S. 118 (1997) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)).

[5] *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). *See also McCarthy v. Mayo,* 827 F.2d 1310, 1315 (9th Cir.1987) ("The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry.").

[6] *Buckley v. Fitzsimmons,* 509 U.S. at 262–63 (denying absolute immunity to prosecutors who were sued for fabricating evidence "during the early stages of the investigation" where "police officers and assistant prosecutors were performing essentially the same investigatory functions.").

claims ADA Ralph initiated the case without sufficient evidence, or should have dismissed the charges earlier, such claims are barred by prosecutorial immunity."[7] Additionally, Plaintiff failed to provide copies of the state court documents showing the dismissal or other termination of the underlying criminal case.

For these reasons, the FAC is DISMISSED. Although it appears amendment is likely futile, Plaintiff is accorded **60 days** to file a second amended complaint. Plaintiff must include all relevant information in the body of the second amended complaint itself and include in the second amended complaint specific citations to any attachments filed in support of his claims.

If Plaintiff fails to respond to this order, of if the second amended complaint is dismissed as frivolous, malicious, or for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

**IT IS THEREFORE ORDERED:**

1.      The FAC at **Docket 6 is DISMISSED**.

2.      Plaintiff is accorded **60 days** from the date of this order to file either:

---

[7] Docket 4 at 8-9.

a. <u>Second Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in the Court's orders. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3.      If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4.      A Notice of Voluntary Dismissal does not count as a strike.[8]

5.      With this order, the Clerk is directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) one copy of the Court's Screening Order at Docket 4.

DATED this 19th day of December, 2025, at Anchorage, Alaska.

<u>/s/ Sharon L. Gleason</u>
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[8] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

Case No. 4:25-cv-00010-SLG, *Cruikshank v. Ralph*
Second Screening Order
Page 4 of 4